IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD SAYERS, | Civil Action |
| Plaintiff, | No.   1:23-cv-45 |
| v. | |
| GREAT LAKES CAST STONE, INC., | |
| Defendant. | JURY TRIAL DEMANDED |

### CIVIL COMPLAINT

Plaintiff, by undersigned counsel files this Civil Complaint and alleges the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and 28 U.S.C. §§ 1331 and 1343(a)(4).

2. Plaintiff has satisfied all the procedural and administrative requirements set forth in the Americans with Disabilities Act in that:

    a. Plaintiff filed a timely written charge of disability discrimination with the Equal Opportunity Employment Commission ("EEOC") on May 27, 2022. The Charge was also cross filed with the Pennsylvania Human Relations Commission;

    b. Plaintiff received a Notice of Right to Sue from the EEOC dated December 22, 2022; and

    c. This action was filed with this Court within 90 days of receipt of that Notice.

### II. The Parties

3. Plaintiff, Richard Sayers, is an adult individual who resides at 537 E 5th Street, Erie, Erie County, Pennsylvania 16507.

4. Defendant Great Lakes Cast Stone, Inc. is a corporation with a place of business at 711 Beaver Road, Girard, Erie County, Pennsylvania 16417

5. Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

### III. Factual Background

6. Sayers was employed by Defendant as a wet cast foreman since July 1, 2018.

7. On February 18, 2022, Sayers was involved in an accident while at work and his right foot was crushed.

8. The injury prevented him from being able to walk and return to work.

9. Sayers had a follow-up appointment with his doctor on April 28, 2022 and he was told by his doctor that he could not return to work for at least 30 days or until after his appointment in June.

10. Sayers immediately informed his supervisor Steve Henderson of his medical condition update.

11. Henderson then asked Sayers to return to work early the following morning for a private meeting.

12. During the meeting, Henderson told Sayers about a major job starting next week and asked Sayers if he could return before the doctor gave his approval to help complete the upcoming job assignment.

13. Sayers is one of only two of Defendant's employees certified for the testing necessary to complete the job.

14.     Henderson also told Sayers that he could work off the books as Sayers was already receiving workers' compensation for his injury.

15.     Sayers declined Henderson's request to return to work until he was released by his doctor.

16.     Henderson then became visibly upset and told Sayers he was fired and asked him to leave the premises and to not return.

## Count I:
## Americans with Disabilities Act: Discrimination and Failure to Accommodate

17.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 16 as if fully restated herein.

18.     As described above, Sayers is disabled within the meaning of the ADA, because he is substantially limited in performing the major life activity of walking; Defendant perceived him as having such impairment; and he has a record of such impairment.

19.     Plaintiff was qualified for the wet cast foreman position and could perform all essential functions of the position with or without reasonable accommodations. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. § 12111(8).

20.     Defendant removed Sayers from his wet cast foremen position and then discharged Sayers because of his disabilities, in violation of 42 U.S.C. § 12112(a).

21.     Defendant also refused to make reasonable accommodations for Sayers' known disabilities in violation of 42 U.S.C. § 12112(b)(5)(A)-(B).

22.     Defendant's violation of the Americans with Disabilities Act was intentional and done with reckless disregard of Sayers' federally protected right to be free of discrimination on the basis of his disabilities.

23.     As a direct and proximate result of Defendant's discharge of Sayers, as well as

Defendant's failure to accommodate his disabilities, Sayers has suffered and continues to suffer damages, including, but not limited to:

 a. Lost wages and benefits;

 b. Emotional distress, anxiety, humiliation and inconvenience;

 c. Costs and expenses of litigation; and

 d. Attorney's fees.

WHEREFORE, Sayers demands judgment against Defendant for its violation of the Americans with Disabilities Act as follows:

 a. That the Court enter a Judgment Order declaring Defendant's actions to be unlawful and in violation of the ADA;

 b. Back pay and benefits from April 29, 2022, until the time of trial, with interest;

 c. That Defendant be ordered to reinstate Plaintiff into the position he held on April 29, 2022, and provide him with accumulated seniority, fringe benefits, and all other associated rights or front pay;

 d. Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

 e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

 f. Reasonable attorney's fees and costs and expenses of litigation; and

 g. Such other legal and equitable relief as the Court deems just and proper.

## Count II:
## Americans with Disabilities Act: Retaliation

24. Plaintiff incorporates by reference the allegations in paragraphs 1 through 23 as if fully restated herein.

25. As described above, Plaintiff is disabled within the meaning of the ADA; Defendant perceived him as having such an impairment; and he has a record of such an

impairment.

26. Defendant discharged Sayers in retaliation for requesting a reasonable accommodation under the ADA in violation of 42 U.S.C. § 12203(a).

27. Defendant's discharge of Sayers was undertaken with malice or reckless indifference to his federally protected right not to be retaliated against for requesting a reasonable accommodation.

28. As a direct and proximate result of Defendant's discharge Sayers has suffered and continues to suffer damages, including, but not limited to:

    a. Lost wages and benefits;

    b. Emotional distress, anxiety, humiliation and inconvenience;

    c. Costs and expenses of litigation; and

    d. Attorney's fees.

WHEREFORE, Sayers demands judgment against Defendant for its violation of the Americans with Disabilities Act as follows:

    a. That the Court enter a Judgment Order declaring Defendant's actions to be unlawful and in violation of the ADA;

    b. Back pay and benefits from April 29, 2022, until the time of trial, with interest;

    c. That Defendant be ordered to reinstate Plaintiff into the position he held on April 29, 2022, and provide him with accumulated seniority, fringe benefits, and all other associated rights or front pay;

    d. Compensatory damages for his emotional distress, anxiety, humiliation and inconvenience;

    e. Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

    f. Reasonable attorney's fees and costs and expenses of litigation; and

g.  Such other legal and equitable relief as the Court deems just and proper.

## Count III
## Wrongful Discharge

30. Plaintiff incorporates by reference the allegations in paragraphs 1 through 29 as if fully restated herein.

31. Defendant fired Sayers in retaliation for his exercise of his right to apply for and receive workers' compensation benefits related to his work injury.

32. Defendant's discharge of Sayers offends the public policy of the Commonwealth of Pennsylvania embodied in the Workmen's Compensation Statute, 77 Pa. Cons. Stat. Ann. §1 *et. seq.*

33. Defendant's actions were intentional and taken with reckless indifference to Sayers' common law right to be free from retaliation for attempting to secure worker's compensation benefits.

34. As a direct and proximate result of Defendant's intentional and reckless conduct, Sayers has sustained the following injuries, some or all of which may be ongoing or permanent:

a.  Lost wages and benefits; and

b.  Emotional distress, anxiety, humiliation and inconvenience.

WHEREFORE, Sayers demands judgment against Defendant for actual, compensatory, and punitive damages, as well as such other legal and/or equitable relief as the Court deems to be just and proper.

Respectfully submitted,

**Edgar Snyder & Associates**

/s/ *Ryan M. Carroll*
Ryan M. Carroll
PA I.D. No. 205851
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 394-4496
Facsimile: (412) 391-7032
rcarroll@edgarsnyder.com

Attorney for Plaintiff